NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1233
_____

IN RE: TERRY E. SILVA,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-mc-00155)
District Judge: Honorable John R. Padova
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 27, 2017
_____

Before: SMITH, Chief Judge, MCKEE, and RESTREPO, Circuit Judges

(Filed: November 20, 2017)
_____

OPINION*
_____

RESTREPO, Circuit Judge

Appellant Terry Elizabeth Silva appeals her three-year suspension from the

practice of law in the United States District Court for the Eastern District of

Pennsylvania, pursuant to its Local Rule of Civil Procedure 83.6 II.  For the reasons that

follow, we will affirm the judgment of the District Court.

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

**I**

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In 2016, the Pennsylvania Disciplinary Board concluded that Silva had violated the Rules of Professional Conduct in her representation of a client in a personal injury action against Walmart. The violations included failure to communicate, commingling of client funds, failure to account for settlement funds, failure to maintain required records, conversion of funds, and dishonest conduct.

On June 14, 2016, the Supreme Court of Pennsylvania accepted the Board's recommendation to suspend Silva from the practice of law for three years. Silva subsequently notified the District Court of the decision of the Supreme Court of Pennsylvania and of her wish to contest the imposition of reciprocal discipline. After holding a hearing and reviewing written submissions, a three-judge panel of the District Court recommended the imposition of a reciprocal three-year suspension. The District Court adopted the recommendation.

**II**

The District Court "has the inherent authority to set requirements for admission to its bar and to discipline attorneys who appear before it." *In re Surrick*, 338 F.3d 224, 231 (3d Cir. 2003) (citation omitted). In reciprocal disciplinary proceedings, the District Court independently reviews the state record "for consistency with the requirements of due process, adequacy of proof and absence of any indication that imposing discipline

2

would result in grave injustice." *Id.* (quoting *In re Jacobs*, 44 F.3d 84, 88 (2d Cir. 1994)). The attorney subject to discipline bears the burden of demonstrating "by clear and convincing evidence" the presence of a serious infirmity in the state proceeding. *Id.* at 232 (quoting *In re Kramer*, 282 F.3d 721, 724–25 (9th Cir. 2002)). "We review district courts' decisions regarding the regulation of attorneys who appear before them for abuse of discretion." *Id.* at 229 (citation omitted).

Silva presents a variety of arguments as to why the District Court abused its discretion in imposing reciprocal discipline.[1] She chiefly argues that the District Court failed to conduct an independent review, thus depriving her of due process. She contends that the lack of independence is evidenced by the District Court's (1) failure to apply federal law; (2) misapplication of "state law on parole [sic] evidence, legal charging liens and co-clients;" and (3) resting "on an infirm record for failure of actual and proper credibility of findings." App. 4.

In undertaking our "extremely limited" review, we find Silva's arguments unpersuasive. *Surrick*, 338 F.3d at 231 (citation omitted). She made many of the same arguments before the District Court, which addressed and dismissed them in its Report and Recommendation. We agree with the District Court's conclusions. Her first two arguments—that the District Court should have applied federal law regarding fee disputes or state law on charging liens and co-clients—rest on the premise that the original fee

---

[1] Although we granted Silva's motion to file an overlength brief for the sake of expediency, we note that this case does not present any "extraordinary circumstances" warranting such additional language, nor did such language aid in our review.

arrangement was subsequently modified.[2]  However, Silva failed to present to the Board

clear and convincing evidence of any contract modification.  Silva's third argument rests

on her belief that the chief witness against her, her client's son and former client, lacked

credibility.  We agree with the District Court that the Board's "failure to make specific

factual findings in support of its determination that [client's son] was credible" did not

diminish his credibility or result in an "infirmity of proof."  App. 16.

We are satisfied that the District Court's examination of the record, exhibits, and

witnesses during Silva's hearing comported with the requirements of due process and

constituted an independent review of the state record.  We conclude that the District

Court did not abuse its discretion in imposing reciprocal discipline.

**III**

Thus, we will affirm.

---

[2] Silva's client in the personal injury action against Walmart was the mother of a former client, who had an outstanding bill resulting from Silva's representation of the son in a previous matter. Silva alleges that the fee agreement in the personal injury action was modified to add the former client as a co-client, thereby allowing Silva to withhold a portion of the Walmart settlement in satisfaction of the allegedly unpaid fees from the previous matter.